IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-HC-02138-M

| | |
|---|---|
| DENNIS SHERWOOD LEWIS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>TODD ISHEE, )<br>)<br>Respondent. ) | **ORDER** |

On June 26, 2023, Dennis Sherwood Lewis ("petitioner" or "Lewis"), a state inmate, filed *pro se* a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Pet. [D.E. 1]. On November 20, 2023, the court allowed the action to proceed. Order [D.E. 4]. On February 19, 2024, respondent filed an initial answer to the petition [D.E. 12], moved to dismiss the petition on procedural default grounds, Mot. [D.E. 13], and filed a memorandum in support, Resp't Mem. [D.E. 14], with various attachments. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court notified petitioner about the motion to dismiss, the response deadline, and the consequences of failing to respond. [D.E. 15]. On April 1, 2024, petitioner, now represented by counsel, filed a response in opposition together with a memorandum in support. See [D.E. 19, 20, 21]. For the following reasons, the court denies respondent's instant motion to dismiss without prejudice and with leave to refile.

Relevant Background:

Petitioner's § 2254 petition collaterally attacks his August 14, 2014, Jones County murder conviction. See Pet. [D.E. 1]; see also N.C. Dep't of Adult Corrections, Offender Pub. Info., https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0240043&searc

hOffenderId=0240043&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (listing, as offense date, Jan. 19, 2011) (last visited Aug. 8, 2024).

Petitioner directly appealed to the North Carolina Court of Appeals ("NCCOA"). See Resp't Ex. 2, Pet'r's Br. [D.E. 14-3] at 7 (raising, as appellate issues, whether the trial court erred in denying 1) a motion to dismiss for insufficiency of evidence, and 2) a motion to exclude evidence, thereby allowing the State, pursuant to North Carolina Rule of Evidence 404(b), to introduce evidence of a January 13, 2006, altercation involving petitioner).

On April 5, 2016, the NCCOA issued an unpublished opinion finding no error and upholding petitioner's conviction. See Resp't Ex. 6 [D.E. 14-7] at 2–8 (printout of State v. Lewis, 246 N.C. App. 516, 785 S.E.2d 186 (2016) (unpublished)).

Petitioner filed through counsel a notice of appeal and a petition for discretionary review ("PDR") in the North Carolina Supreme Court. See Resp't Ex. 7 [D.E. 14-8]. On August 18, 2016, the North Carolina Supreme Court allowed the State's motion to dismiss the appeal and denied the PDR. See Resp't Ex. 9 [D.E. 14-10] at 2 (printout of State v. Lewis, 369 N.C. 35, 792 S.E.2d 785, 786 (2016)).

On November 7, 2017, petitioner filed through counsel a Motion for Appropriate Relief ("MAR") in Jones County Superior Court. Resp't Ex. 10 [D.E. 14-11] at 31–47 (arguing, *inter alia*: petitioner's right to confront witnesses and be free from inadmissible evidence were violated when trial counsel unreasonably failed to object to hearsay statements including 1) statements made by William "Dinky" Carawan, the deceased ex-husband of petitioner's girlfriend, Gloria Carawan, regarding the January 13, 2006, altercation involving petitioner, and as recounted at trial by Capt. Jones of the Duplin County Sheriff's Office; 2) statements by trial witness Daryl Bell about petitioner harassing the victim, Earl Bell, before his death; 3) statements by trial witness

2

Cecil Meadow that another person said that Earl Bell was fearful of petitioner, and also that 4) the cumulative impact of trial counsel failing to object to these hearsay statements was ineffective assistance of counsel ("IAC")).

On March 24, 2022, the MAR Court denied petitioner's request for an evidentiary hearing and denied the MAR. Id. at 177–81.

On April 19, 2023, petitioner filed through counsel a petition for a writ of certiorari (PWC) in the NCCOA. See Resp't Ex. 10 [D.E. 14-11] at 2–27.

On June 23, 2023, the NCCOA denied this PWC. See Resp't Ex. 12 [D.E. 14-13] at 2.

### Filings:

Petitioner lists four grounds for relief in his *pro se* petition. See Pet. [D.E. 1] at 5–11. As his first ground, petitioner states: "Actual Innocence and Trial Counsel was ineffective and did not object when [hearsay] was entered by witnesses for the State [sic]." Id. at 5. In support, he states:

> The State never showed any evidence linking [petitioner] to the crime. Head SBI investigator testified there was no evidence or witnesses linking [petitioner] to [the] crime. The state used 404B evidence against [petitioner] involving a case that the charged [sic] were dropped and deemed to be "self defense" by D.A. Lee. Trial counsel did not object to hearsay statements. Trial counsel could not hear witnesses due to hearing loss. Trial counsel let his assistant try to tell him what was said. He let an innocent man get a life sentence.

Id.

Second, petitioner states that he "is entitled to an evidentiary hearing to determine whether his trial counsel committed ineffective assistance." Id. at 7. In support, he states:

> In 404b evidence[,] Capt. Jones of Duplin County testified that Dinky Carawan told him that Dennis Lewis shot him. The jury should have never heard Dinky's version of this fight. This statement did not meet the exception of hearsay. This was due to the contradiction of facts already utter by Capt. Jones. Dinky Carawan had died in 2009 from natural causes. The 404b was never supposed to be allowed. Also[,] the trial counsel did not object to this. He was not prepared to defend against it.

Id.

3

Third, petitioner states: "I submit my Attachment C to present my grounds in fact. This will better represent my case [sic]." Id. at 8. In support, he states: "The MAR Court erred in summarily denying the MAR without an evidentiary hearing. [Petitioner's] rights were denied by not ordering this hearing to ensure a fair trial in the future [sic]." Id.

Fourth, petitioner states: "Ground are explained in Attachment C [sic]." Id. at 10.

For relief, petitioner asks the court to: "Overturn Conviction due to Attorney Error. If not grant evidentiary hearing or demand new trial [sic]." Id. at 15.

Attachment A includes, *inter alia*, appellate counsel's certificate of settlement as to the record on appeal. See Pet. Attach. [D.E. 1-1] at 5. Attachment B entails petitioner's November 6, 2017, MAR. Id. at 8–24. Attachment C entails the PWC as to the MAR denial. Id. at 25–45.

In support of the motion to dismiss, respondent argues, *inter alia*: petitioner's grounds for relief all are procedurally defaulted; petitioner's actual innocence claim cannot overcome procedural default; petitioner fails to show cause or prejudice for his procedural default; petitioner's second, third, and fourth grounds for relief – claiming that petitioner is entitled to an evidentiary hearing under North Carolina law – are not cognizable in federal habeas; and, even were the second, third, and fourth grounds for relief cognizable, petitioner has not shown that he is entitled to the requested evidentiary hearing. See Resp't Mem. [D.E. 14] at 11–28.

In his counseled memorandum in opposition to the motion to dismiss, petitioner argues, *inter alia*: his *pro se* petition also re-raises his arguments raised on direct appeal – *i.e.*, that the trial court erred in denying his motions to dismiss for insufficiency of evidence and to suppress Rule 404(b) evidence about the January 13, 2006, altercation; his MAR claims are not procedurally defaulted because he was not in a position to adequately raise IAC claims on direct appeal or, alternatively, to the extent that he was in such a position, appellate counsel was constitutionally

4

ineffective in failing to do so; his claims are cognizable under § 2254 and reviewable by this court on federal habeas review; the trial court erred in denying the motion to dismiss for insufficiency of evidence and by allowing the jury to consider evidence of the January 13, 2006, altercation, and the NCCOA decision ruling finding no error deprived petitioner of his due process rights; the MAR Court unreasonably applied Supreme Court precedent in denying his IAC claims as to trial counsel's failure to object to hearsay testimony and his claim that the cumulative effect of trial counsel's errors deprived him of a fair trial; and he is entitled to an evidentiary hearing to address unresolved facts as to IAC issues raised in his MAR. See Pet'r's Mem. [D.E. 21].

Discussion:

Liberally construed, the instant *pro se* federal habeas petition appears to re-raise the claims petitioner raised on direct appeal – *i.e.*, 1) whether the trial court erred in denying a motion to dismiss for insufficiency of evidence, and 2) whether the trial court erred by denying a motion to exclude evidence, allowing the State to introduce evidence of a January 13, 2006, altercation involving petitioner under North Carolina Rule of Evidence 404(b). Respondent's instant motion to dismiss does not show these claims were procedurally defaulted or address them on the merits.

Next, the court considers petitioner's claims alleging ineffective assistance of trial counsel. As noted above, the MAR raised four issues: 1) admission of hearsay statements by the deceased ex-husband of petitioner's girlfriend, Gloria Carawan; 2) the admission of hearsay statements about petitioner harassing the victim before his death; 3) the admission of double hearsay statements offered to show that the victim was afraid of petitioner; and 4) ineffective assistance of counsel claims due to his trial counsel failing to object to these hearsay statements and the cumulative impact therefrom. See Resp't Ex. 10 [D.E. 14-11] at 31–47. The MAR Court found, *inter alia*, that these IAC claims were procedurally defaulted under North Carolina General Statute

5

§ 15A-1419(a)(3), see [D.E. 14-11] at 181 (finding petitioner "was in a position to adequately raise" on direct appeal his IAC claims because "all three underpinning grounds of the alleged ineffective assistance of counsel are clearly set forth on the trial records.").

Petitioner argues: he was not in a position to raise the IAC claims in his MAR on direct appeal because IAC claims typically are raised on collateral review; that procedural default under § 15A-1419(a)(3) is not "adequate" because it is not consistently applied to IAC claims in North Carolina; and procedural default of his IAC of trial counsel claims is excusable due to the IAC of appellate counsel for failing to raise these claims on direct appeal as these claims were "plainly stronger" than those raised on direct appeal. See Pet'r's Mem. [D.E. 21] at 4–7. Respondent's instant motion to dismiss also does not address these arguments.

### Conclusion:

For the reasons discussed above, the court DENIES WITHOUT PREJUDICE AND WITH LEAVE TO REFILE the motion to dismiss [D.E. 13]. The court further ALLOWS respondent until October 28, 2024, to address petitioner's grounds for relief either on the merits or pursuant to other substantive or procedural defenses, including exhaustion and procedural default. Accompanying any dispositive motion, respondent shall file the complete trial transcript with a courtesy copy sent to the Clerk's Office in Raleigh.

SO ORDERED this 27th day of September, 2024.

RICHARD E. MYERS II
Chief United States District Judge

6

Case 5:23-hc-02138-M   Document 22   Filed 09/27/24   Page 6 of 6